# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-06-00416-CR
---

**Timothy Zeke Adair, Appellant**

**v.**

**The State of Texas, Appellee**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-2005200920, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Appellant Timothy Zeke Adair was adjudged guilty after he pleaded guilty to an indictment accusing him of felony driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04 (West 2003), § 49.09(b)(2) (West Supp. 2006). Pursuant to a plea bargain, the court sentenced appellant to three years in prison and a $1,000 fine, suspended imposition of sentence, and placed appellant on community supervision for three years. In his only point of error, appellant contends the court erred by overruling his pretrial motion to suppress evidence. We find no error and affirm the conviction.

The relevant facts are not disputed. Around 7:15 p.m., Travis County Deputy Tipton Birdwell noticed appellant driving his pickup truck erratically and stopped him. After observing signs of intoxication, Birdwell, who was not certified to conduct field sobriety tests, called for assistance. Deputies Walter Poston and Brian Turner responded to Birdwell's call, arriving at the

scene a few minutes later. Turner administered the horizontal gaze nystagmus test. Because the road was narrow with an unimproved shoulder and the officer's vehicles were blocking traffic, the decision was then made to move appellant and his truck to the parking lot of a high school about two hundred yards from the scene of the stop. In the parking lot, beginning at 8:15 p.m., Turner administered the other field sobriety tests. Appellant was arrested for driving while intoxicated at 8:30.

Appellant concedes that the initial traffic stop was lawful. He also concedes that Birdwell was justified in calling for the assistance of a certified officer and that it was appropriate to move to the high school parking lot. Appellant contends, however, that the one-hour delay between the traffic stop and the start of sobriety testing in the parking lot was unreasonably long and demonstrates that the officers did not diligently pursue the investigation. Because this is a mixed question of law and fact that does not turn on witness credibility, we conduct a de novo review. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

A traffic stop is a seizure for the purposes of the Fourth Amendment and article one, section nine of the Texas Constitution. *Whren v. United States*, 517 U.S. 806, 809 (1996); *Johnson v. State*, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995). Like all investigative detentions, a traffic stop must be justified at its inception and reasonably related in scope to the circumstances that justified it in the first place. *Terry v. Ohio*, 392 U.S. 1, 19-20 (1968). The detention must be temporary and last no longer than necessary to effectuate the purposes of the stop. *Florida v. Royer*, 460 U.S. 491, 500 (1983); *Davis v. State*, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997).

2

The investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time. *Davis*, 947 S.W.2d at 245.

There is no arbitrary time limit beyond which a traffic stop becomes unreasonably long. *United States v. Sharpe*, 470 U.S. 675, 685-86 (1985). Instead, common sense and ordinary human experience must govern over rigid criteria. *Id*. at 685. The reasonableness of the detention depends on whether the police diligently pursued a means of investigation that was likely to dispel or confirm their suspicions quickly. *Id*.; *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).

The officers did not provide a minute-by-minute account of their activities following the stop. We know, however, that Birdwell conversed with appellant long enough to develop the suspicion that he was intoxicated. Poston testified that he and Turner arrived "five or six minutes" after Birdwell called for assistance. Poston asked appellant to step out of his truck, and he and Turner "talked to him for a little bit." Turner then administered the HGN test at the side of the road. The officers determined that the location was neither safe nor suitable for the other sobriety tests, and they decided to move to the school parking lot. Appellant was frisked for weapons, handcuffed, and placed in Birdwell's patrol car, then he had to be removed from the patrol car to get the keys to his pickup truck, which Turner drove to the school. Birdwell estimated that all of this took ten or fifteen minutes. Poston testified that at the high school, "I positioned the car. We pulled [appellant] out of Deputy Birdwell's car. We put him in position and we started the [tests]." Appellant does not contend that the officers engaged in any unnecessary activity, and we that the events described could reasonably be expected to consume one hour.

3

The evidence shows that the officers diligently pursued their investigation and that appellant's detention lasted no longer than was reasonably necessary to effectuate the purposes of the stop. The trial court did not err by overruling the motion to suppress.

The point of error is overruled and the judgment of conviction is affirmed.


_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   April 20, 2007

Do Not Publish